PAMELA SCHAEFER, A MINOR, BY FRED SCHAEFER, HER FATHER AND NATURAL GUARDIAN, AND ANOTHER v. CITY OF BLOOMINGTON AND ANOTHER.

244 N. W. 2d 45.

June 18, 1976—No. 46129.

---

*Larkin, Hoffman, Daly & Lindgren* and *Joseph W. Anthony*, for appellants.

*Gary W. Flakne*, County Attorney, and *Douglas J. McClellan* and *Peter J. Stiehm*, Assistant County Attorneys, for respondent.

TODD, JUSTICE.

This case raises another issue in a long series of cases involving the notice of claim required by Minn. St. 1971, § 466.05, subd. 1. This action was brought by a father on behalf of his minor daughter to recover damages sustained by the daughter when the wheel of her bicycle which she was riding became engaged in the bars of a sewer grate. He also sought consequential damages. The sewer cover was located on the right-of-way of East Old Shakopee Road inside the city limits of Bloomington in Hennepin County. East Old Shakopee Road is otherwise known as Hennepin County Road No. 1. The accident occurred April 23, 1973. Plaintiffs' attorneys notified the city of Bloomington of the accident on May 16, 1973. The nature of the basis of liability was stated to be negligent design, construction, and installation of the sewer grating. The manager for the city of Bloomington on June 6, 1973, notified plaintiffs' counsel as follows:

"The purpose of this letter is to alert you to the fact that East Old Shakopee Road is a Hennepin County Highway, designated as Hennepin County Road No. 1. The City of Bloomington has no responsibility for the maintenance or construction of this road."

Thereafter and on June 15, 1973, over 3 weeks after the expiration of the 30-day notice limitation of the statute, plaintiffs' counsel notified the County of Hennepin of the accident and advised that the city had been notified on May 16, 1973.

Upon motion by the county, the trial court granted summary

judgment for the county upon the ground the county was not timely served with a notice of claim.

Plaintiffs appeal, contending that the statute is unconstitutional and that, under the circumstances of this case, the notice given to the county substantially complied with the requirements of § 466.05, subd. 1.

We hold that under the circumstances of this case, when two governmental entities jointly use a common facility located within their borders, which facility gives rise to a tort claim, timely notice to one entity followed by a prompt, although not timely, notice to the other entity constitutes substantial compliance with the requirement of the statute. We fail to recognize any prejudice to the county in so holding. Conceivably plaintiffs could be prejudiced in presenting their claim with only the city as a defendant. In order to insure an orderly trial to determine which, if either, governmental entity breached a duty to plaintiffs, both should be defendants. If the city did not notify the county at the time of receipt of the notice of claim, certainly it is a reasonable assumption that the county will have available to it the investigation made by the city and will have ample opportunity to make whatever additional investigation is needed to defend the claim.

The summary judgment for respondent county is set aside and the case remanded for trial on the issues of liability and damages.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.